IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2015 Session

**STATE OF TENNESSEE v. GEORGE A. MIKITA**

**Appeal from the Circuit Court for Rutherford County**
**Nos. F68537, F68538     Mitchell Keith Siskin, Judge**

───────────────────

**No. M2014-00650-CCA-R3-CD – Filed April 13, 2015**

───────────────────

Defendant, George A. Mikita, was implicated in two separate home invasions and charged with various crimes as a result. Defendant entered guilty pleas to two counts of aggravated burglary, one count of theft of property valued at $1,000 or more, and one count of theft of property valued at $500 or more. Defendant was sentenced to an effective sentence of thirteen years after a sentencing hearing. Defendant appeals, challenging the trial court's imposition of consecutive sentences under a theory dubbed "just desserts." After a review, we determine there is no evidence that the trial court abused its discretion in sentencing Defendant to an effective sentence of thirteen years. Consequently, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Drew Justice, Franklin, Tennessee, for the appellant, George A. Mikita.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Kim R. Helper, District Attorney General; Bret T. Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

Defendant was indicted by the Rutherford County Grand Jury in two separate cases in September of 2012. He was charged with aggravated kidnapping, aggravated burglary, and theft of property valued at $1,000 or more in case number F68537. In case number F68538, Defendant was charged with aggravated burglary, theft of property valued at $500 or more, and vandalism. Defendant entered an open plea to aggravated burglary in each case, theft of property valued at $1,000 or more in case number F68537, and to theft of property valued at $500 or more in case number F68538. The remaining counts were dismissed.

At the guilty plea hearing, counsel for the State recounted the basic facts which gave rise to the indictments. In case number F68537, Defendant was indicted for crimes committed on June 6, 2012, at the home of Mary Melvin. Defendant entered the home, and when the victim tried to leave, he forced her into her bedroom while he stole several items and then fled the scene. On the same day, Defendant entered the home of Mary Harmon, stole several of her personal belongings, and fled the scene. Defendant was located because he used the cell phone he stole from Mrs. Melvin.

At the sentencing hearing, Mrs. Harmon testified that someone broke into her home through her garage on June 6, 2012. Her television and coin containers were missing, along with a silver and pearl rosary. The rosary was a gift from her parents upon her graduation from nurse training. None of the stolen items were recovered and were valued at $802 by the insurance company. As a result of the burglary, Mrs. Harmon changed the locks at her home and insisted on carrying her cell phone with her at all times.

Mrs. Melvin also testified at the sentencing hearing. She was taking a nap on the afternoon of June 6, 2012, when she heard a soft knock on the door. Her dogs were barking. She thought at first that her son had forgotten his house key but soon realized that was not the case when she confronted Defendant in the hallway. Defendant was carrying her personal computer and work computer. Defendant informed the victim that his friend let him into the house and that his aunt lived in the house. Defendant was asked to leave. He refused. Mrs. Melvin tried to call 911, but Defendant took her phone. Mrs. Melvin tried to leave, but Defendant grabbed her by the arms and prevented her from leaving. He dragged her down the hallway and pushed her onto the bed. Defendant stood in the doorway of the bedroom and prevented her from leaving the room. Defendant asked Mrs. Melvin personal questions about her family and her possessions. He also threatened Mrs. Melvin, claiming that he would come back to burn down the house because he knew where she lived. Mrs. Melvin eventually convinced Defendant that she would stay put if he left her house. He finally agreed and left the house. Mrs. Melvin suffered bruises from the incident as well as the loss of her personal computer, work computer, telephone, and cash. The tangible items were valued at over $1,000. As

a result of the burglary, Mrs. Melvin had a security system installed in her home and underwent eight weeks of counseling to manage anxiety attacks and nightmares.

Detective Kristy Inglish of the Murfreesboro Police Department testified that in 2012, there were 919 aggravated burglaries in Murfreesboro.

Defendant testified that he was seeking money to support his drug problem. He admitted that he was on parole at the time of the crimes and had recently quit his job to help babysit his girlfriend's children. Defendant smoked marijuana and took opiates and heroin every day. He explained that he started using drugs when he was sixteen years of age and had attempted rehab several times but had not successfully completed a program of drug treatment. He expressed remorse for the incident and insisted that he did not intend to hurt anyone.

Defendant's presentence report indicated that Defendant was a twenty-five-year-old male with the following convictions from Sullivan County, Tennessee: two prior convictions for aggravated burglary, one conviction for theft of property valued at $1,000 or more, and one conviction for theft of property valued at $500 or more. With regard to these convictions from Sullivan County, Defendant received a four-year sentence that was suspended to supervised probation. Defendant's probation was revoked due to technical violations. When Defendant was released from custody in January of 2009, his probation was reinstated and his supervision transferred to Pennsylvania via interstate compact. In June of 2010, Defendant was declared an absconder. According to the presentence report, Pennsylvania closed interest in the case and a warrant for a violation of probation was issued in Tennessee. Defendant was then arrested in Pennsylvania for burglary, criminal trespassing, and theft. The Tennessee violation of probation warrant was amended. Defendant was convicted of burglary in Pennsylvania and sentenced to serve between eleven months and fifteen days to one year and eleven months in prison. In March of 2011, Defendant was transported back to Tennessee where his probation was revoked. Defendant was released to parole in February of 2012. His release included residential treatment at First Things First in Murfreesboro. Defendant was unsuccessfully discharged from this program after one month. The offenses at issue herein were committed in June of 2012. Defendant's parole was revoked in September of 2012.

After a sentencing hearing, the trial court issued a comprehensive and thorough sentencing order. In the order, the trial court noted the following items were considered in relation to sentencing:

> [T]he evidence presented at the trial and sentencing hearing, the presentence report, *the principles of sentencing* and arguments made as to sentencing alternatives, the nature and characteristics of the criminal conduct involved, any evidence and information offered by the parties

regarding mitigating and enhancing factors, any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee, any statement the Defendant made on his own behalf regarding sentencing, and the Defendant's potential for rehabilitation or treatment.

(emphasis added). The trial court determined that Defendant was a Range II offender with respect to case number F68537 and a Range I offender with respect to case number F68538.[1] The trial court applied the following enhancement factors: (1) Defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; and (13) at the time the felony was committed, the Defendant was released on parole. *See* T.C.A. § 40-35-114. The trial court declined to apply any mitigating factors.

With regard to consecutive sentencing, the trial court found Defendant was "an offender whose record of criminal activity is extensive." T.C.A. § 40-35-115(b)(2). Additionally, the trial court denied alternative sentencing. As a result, the trial court sentenced Defendant as a multiple offender in case number F68537 to eight years for aggravated burglary and four years for theft of property valued at $1,000 or more. Defendant was sentenced as a Range I, standard offender to five years for aggravated burglary and to one year for theft in case number F68538. The trial court ordered the sentences in each count to run concurrently to each other but ordered the sentences in each case to run consecutively to each other. The total effective sentence is thirteen years. The sentences in both cases were to also run consecutive to Defendant's Sullivan County sentence.

Defendant appeals.

*Analysis*

On appeal, Defendant presents the following issue for our review: "Does the court violate a mandatory principle of sentencing, namely Tennessee Code Annotated section 40-35-102(1), when it imposes a consecutive sentence based solely on criminal history instead of finding what was justly deserved for the seriousness of the offense?" Specifically, Defendant insists that he does not have an extensive criminal history, being convicted of a total of nine offenses on "only" three occasions. Additionally, he complains that the trial court failed to find that the crimes were terribly severe and that the punishment of consecutive sentencing was justly deserved. The State, on the other hand, argues that the trial court stated its reasons on the record and those decisions are

_____

[1] The State failed to timely file a Range II notice in case number F68538.

-4-

consistent with the principles and purposes of sentencing.  Stated another way, the trial court's decision is presumptively reasonable and Defendant is not entitled to relief.

When a defendant challenges the length, range, or manner of service of a sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness.  *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012).  This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act."  *Bise*, 380 S.W.3d at 707.

Among the purposes and principles of sentencing is that the imposition of consecutive sentences must be "justly deserved in relation to the seriousness of the offense."  T.C.A. § 40-35-102(1).  The length of the resulting consecutive sentence must "be no greater than that deserved for the offense committed."  T.C.A. § 40-35-103(2).

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Only one of these criteria needs to exist in order to support the imposition of consecutive sentencing. *State v. Pollard*, 432 S.W.3d 851, 859-62 (Tenn. 2013).

Our supreme court has recently held that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations . . . if [the trial court] has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)[.]" *Pollard*, 432 S.W.3d at 859-62. Thus, the imposition of consecutive sentencing is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed[.]" T.C.A. § 40-35-103(2) & (4). Further, "[s]o long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Pollard*, 432 S.W.3d at 862 (citing Tenn. R. Crim. P. 32(c)(1) ("The order [for consecutive sentences] shall specify the reasons for this decision and is reviewable on appeal.")); *see also Bise*, 380 S.W.3d at 705.

Defendant asserts that even if the trial court found that he meets the statutory criteria for consecutive sentences, the aggregate sentence is greater than that deserved for the offense committed. In his own words, Defendant did not get his "just desserts." This theory belies the fact that the imposition of consecutive sentencing is entitled to a presumption of reasonableness where a trial court applies "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. The trial court imposed a sentence for each conviction within the applicable range of punishment. Further, the trial court identified its reason for imposing partial consecutive sentencing under Tennessee Code Annotated section 40-35-115(b), based on Defendant's extensive criminal history. At sentencing and again on appeal, Defendant minimized his nine prior felony convictions and repeated failure at alternatives to incarceration, claiming instead that he was simply "not that good of a burglar" with a "horrible drug problem." Most importantly, however, the trial court stated in its lengthy sentencing order that it considered the principles of sentencing. We are satisfied that the trial court considered the sentence to be justly deserved in relation to the seriousness of these offenses. Moreover, the Sentencing Act does not require a trial court to specifically state on the record that the sentence imposed is "justly deserved." Because the trial court stated its reasons for ordering consecutive sentences, and those reasons are amply supported by the evidence, the trial court's decision is presumptively

reasonable.  Defendant has failed to show an abuse of discretion in imposing consecutive sentences, or that the aggregate sentence of thirteen years is greater than that deserved for the offenses of aggravated burglary, theft of property valued at $1,000 or more, and theft of property valued at $500 or more.  Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER